**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

SIXTH CIRCUIT APPEAL NO. 05-6119

CIVIL ACTION NO. 04-CV-70-JBC

MISTY LYNN WESLEY                                                                                   PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

COLUMBIA HOSPITAL GEORGETOWN, ET AL.                                      DEFENDANTS

Currently before the Court for consideration is the "Exparte Motion to Proceed *In Forma Pauperis* on Appeal" [1] which Misty Lynn Wesley, the *pro se* plaintiff-appellant, filed in the Sixth Circuit Court of Appeals on April 14, 2005 [Record No. 36]. On August 2, 2005, the Sixth Circuit entered an order dismissing the previous appeal which the plaintiff-appellant had filed in this proceeding on March 3, 2005 (Sixth Circuit Appeal No. 05-5387). [2] In its August 2, 2005, order, the Sixth Circuit further directed this court to: (1) address the plaintiff-appellant's April 14, 2005, "Exparte Motion to proceed *In Forma Pauperis* on Appeal"; (2) treat it as a "Notice of

---

[1] The plaintiff-appellant entitled her April 14, 2005, submission as an "Ex Parte Motion for Leave to Appeal *In Forma Pauperis* Pursuant to Appellate Rule 24 for an Application for a Writ of Habeas Corpus by filing her FIP motion in this U.S. District Court of Appeals for the Sixth Circuit."

[2] In its August 2, 2005, Order, the Sixth Circuit construed the plaintiff-appellant's "Motion to proceed *in forma pauperis* on appeal" as a "Notice of Appeal," stating that "It was filed within the thirty-day period, and sought review by this court of the summary judgment entered by the district court. *See* Fed. R. App. P. 3(c), 4(a) and 26(a)." [Record No. 25, p.2].

Appeal"; and (3) assign a new appeal number to the construed "Notice of Appeal" [*See* Record No. 35]. [3]

## 1. Procedural History

The court will not reiterate the procedural history of this case, having already done so in a previous Memorandum Opinion and Order ("Opinion and Order") entered herein on March 28, 2005. In the Opinion and Order and a separate Judgment, the court dismissed this action with prejudice on the basis that the plaintiff-appellant had filed the instant employment discrimination complaint in bad faith. The court based its conclusion on statements which the plaintiff-appellant made, and filed of record, in another employment discrimination proceeding she filed in this court, *Wesley v. Ephraim McDowell Regional Medical Center, et al.*, Lexington Civil Action No. 03-500-JMH. [*See* Op. & Ord., pp. 6-8, Record No. 33] The court will not reiterate its analysis in reaching this conclusion, as it is set forth in detail in the Opinion and Order. The court's conclusion that the plaintiff-appellant filed this action in bad faith has not changed since the entry of the Opinion and Order.

## 2. Current Motion/Construed "Notice of Appeal"
[Record No. 36]

---

[3] This is actually the second "Notice of Appeal" and "Motion to Proceed *In Forma Pauperis* on Appeal" which the plaintiff-appellant has filed in this action. The plaintiff filed a previous "Notice of Appeal" on March 3, 2005 [Record No. 29], and a previous "Ex Parte Motion for Leave to Proceed in Appeal by In Forma Pauperis" [Record No. 30]. When the court entered the Opinion and Order on March 28, 2005, it denied the plaintiff-appellant's first "Motion to Proceed In Appeal In Forma Pauperis," finding that under Fed.R.App.P. 24(a)(4)(B), the plaintiff's appeal was not taken in good faith [*Id.*, p. 15]. The court's discussion of the reasons upon which it based its decision that an appeal would not be taken in good faith are set forth in pp. 9-15 of the Opinion and Order.

The court will now address the plaintiff-appellant's April 14, 2005, submission, which the Sixth Circuit has instructed be construed as a "Notice of Appeal." As of the date of the entry of this order, the plaintiff-appellant has not paid the $500.00 contempt fine which this court assessed on February 23, 2005, in the Ephraim McDowell Action [*See* Sanction Order, Record No. 101 entered on February 9, 2005, in the Ephraim McDowell Action]. In the instant proceeding, the plaintiff-appellant did not pay the $255.00 appellate filing fee, as required by Fed.R.App.P. 3(e), when she filed her submission on April 14, 2005, which is docketed as Record No. 36. While the plaintiff- appellant did file a motion to proceed on appeal *in forma pauperis* on April 14, 2005, the Sixth Circuit has instructed this Court not to construe that submission as a "Motion to Proceed *In Forma Pauperis* on Appeal" as it is entitled, but instead to construe it as a "Notice of Appeal."

The plaintiff-appellant will be denied permission to proceed *in forma pauperis* on appeal for two reasons. First, when the court dismissed the instant proceeding with prejudice on March 28, 2005, it expressly certified that any appeal would *not* be taken in good faith [*See* Op. & Order, Record No. 33, p.15]. This certification precludes the plaintiff-appellant from now obtaining *in forma pauperis* status on appeal. According to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

As the court has already certified that any appeal the plaintiff-appellant might file would not be taken in good faith, she may not proceed on appeal *in forma*

3

*pauperis*; § 1915(a)(3); Fed.R.App.P. 24(a)(4)(B). It would be inconsistent for a district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999); *Meadows v. Woods*, 1994 WL 267957, *3 (W.D. Tenn. June 10, 1994) (Not reported in F. Supp.) (same).

Although the Sixth Circuit has generously construed the plaintiff-appellant's April 14, 2005 submission as a "Notice of Appeal" of the Opinion and Order, the fact remains that the plaintiff filed her first appeal in this proceeding on March 3, 2005, the date on which she simultaneously filed four other appeals in four other cases pending in this court. The court continues to be of the opinion that the plaintiff-appellant filed the instant appeal for purposes of harassment, in retaliation for this court having: (1) found her in contempt in the Ephraim McDowell Action; (2) assessed sanctions against her; and (3) dismissed the Ephraim McDowell Action.

Second, the court notes that there is a substantial body of law which authorizes a district court to deny *in forma pauperis* status to an appellant who has been sanctioned or otherwise found in contempt. Fed.R.Civ.P. 11 explicitly allows the court to impose sanctions upon its own initiative. *Moore v. Secretary of Health and Human Services*, 651 F.Supp. 514, 517 (E.D. Mich. 1986). The court has already determined that the instant plaintiff has violated the provisions of Fed.R.Civ.P. 11 [*See* Op. & Ord., Record No. 33, pp. 10-13]. The court's opinion remains unchanged.

"The selection of the type of sanction to be imposed lies . . . within the district

4

court's sound exercise of discretion." *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C. 1985); *see also Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 337 -338 (6th Cir. 1988); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F2d 391, 401 (6th Cir. 1987), *cert*. *den.*, 484 U.S. 927, 108 S.Ct. 291 (1987); *Albright v Upjohn Co.* 788 F2d 1217, 1722, (6th Cir. 1986), *cert*. *denied*, 484 U.S. 927, 108 S.Ct. 291 (1987).[4]

At least one other district court in this circuit has taken a similar approach in denying a request to proceed *in forma pauperis* on appeal. *See Becker v. Dougherty*, 145 F.R.D. 441 (E.D. Mich. 1993) (Plaintiff would not be allowed to take appeal *in forma pauperis* of district court order imposing as sanctions against plaintiff award of defendants' fees and expenses incurred in defending plaintiff's action; appeal would be frivolous and could not be taken in good faith).

Similarly, numerous appellate courts have not only upheld a district court's denial of *in forma pauperis* status on appeal because of unpaid sanctions and assessed fees, but they have also invoked similar sanctions at their own level. *See Holland v. Stevens*, 37 Fed.Appx. 770, 771, 2002 WL 1354695, **1 (6th Cir.(Mich.)) (Appellant was barred from filing any new civil matter or appeal therefrom in Sixth Circuit *or any court subject to its jurisdiction* until he paid the sanction imposed in a

---

[4] "Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Westmoreland*, 770 F.2d at 1174. *See also Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1379 (6th Cir. 1987).

5

previous appeal he had filed in the Sixth Circuit in 2001);[5] *see also Vakalis v Shawmut Corp*. 925 F.2d 34, 37 (1st Cir. 1991) (where district court imposed fine on plaintiffs for violation of Rule 11 and warned them that if they failed to pay fine by set date court would dismiss entire action, but plaintiffs did not pay fine or demonstrate their inability to pay and asked court to stay sanction pending appeal, district court was fully justified in dismissing action with prejudice pursuant to Rule 41(b), whether or not monetary sanction was legally justified).[6]

The instant plaintiff-appellant did not pay the $500.00 sanction fee the court assessed on February 23, 2005, in the Ephraim McDowell Action. The court has determined that the instant proceeding (04-CV-70-JBC) was filed in bad faith. For these reasons, the plaintiff-appellant will not be allowed to proceed *in forma pauperis* on appeal in this proceeding.

---

[5] The Sixth Circuit emphatically stated:

"We limit this sanction only by the bounds set by the Supreme Court: it shall not apply in any criminal matter. *See Judd v. United States Dist. Court for the W. Dist. of Texas*, 528 U.S. 5, 6, 120 S.Ct. 1, 145 L.Ed.2d 7 (1999) (ordering the clerk not to accept further petitions for certiorari in noncriminal matters until docketing fees are paid). All filings received in violation of this order shall be returned unfiled."

*Hyland v. Stevens*, 37 Fed.Appx. 770, 771, 2002 WL 1354695, **1

[6] *See also Moon v. Newsome*, 863 F.2d 835, 838-39 (11th Cir.1989) (district court properly dismissed case where plaintiff refused to pay monetary sanction, or to ask the court to devise a plan for partial compliance based on financial need, and plaintiff instead insisted that magistrate had lacked authority to levy a fine against him); *Stelly v Commissioner of IRS*, 808 F.2d 442 (5th Cir. 1987) (In addition to monetary sanctions, the court directed the clerk of the court not to accept any new filings by the plaintiffs for any tax-related appeals until the sanctions imposed in that case and in two prior cases were paid and proof of satisfaction of all prior judgments was provided as a Rule 11 sanction).

### 3. Plaintiff May Seek *In Forma Pauperis* Status On Appeal in the Sixth Circuit

Under the Federal Rules of Appellate Procedure, when a district court certifies to an appellant that his appeal is not taken in good faith or otherwise denies permission to proceed on appeal *in forma pauperis,* the appellant may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. This must be done within thirty (30) days and with supporting documentation, all as provided in Fed.R.App.P. 24(a)(5). If the plaintiff-appellant wishes to proceed *in forma pauperis* on appeal, she must seek permission from the Sixth Circuit as provided in Fed.R.App.P. 24(a)(5).

### CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1) The Sixth Circuit has ordered and directed this court to construe the plaintiff-appellant's "Exparte Motion to proceed in Appeal by Forma Pauperis pursuant to Appellate Rule 24 by Writ of Habeas Corpus by filing her FIP motion to this U.S. District Court of Appeals for the Sixth Circuit" [Record No. 36] as a "Notice of Appeal" [Record No.11].

(2) To the extent the plaintiff-appellant's submission filed on April 14, 2005, [Record No. 36] is construed as "Motion to Proceed *In Forma Pauperis* on Appeal," the motion is **DENIED**.

(3) The plaintiff-appellant is not permitted to apply to proceed on appeal *in forma pauperis*, as the court has certified under Fed.R.App.P. 24(a)(4)(B) that the

instant appeal is not taken in good faith.

(4)  The plaintiff-appellant is granted thirty (30) days from the date of entry of this Order in which either to pay the $255.00 filing fee to this court or to apply to the Sixth Circuit Court of Appeals to proceed *in forma pauperis*.

(5)  The plaintiff-appellant is on notice that if she fails to take either step in the time prescribed, the United States Court of Appeals for the Sixth Circuit will dismiss the appeal for failure to prosecute under Fed.R.App.P. 3(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 609-10 (6th Cir. 1997).

(6)  The Clerk of the court is directed to send a copy of this Memorandum Opinion and Order to the Clerk of the Sixth Circuit, referencing Appeals Case No. 05-6119.

Signed on August 19, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY